(No. 83-CC-1706—)

MICHAEL H. ROBINSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 2, 1984.*

MICHAEL H. ROBINSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises from personal injuries suffered by Claimant while he was an inmate at Joliet Correctional Center.

The Claimant, Michael H. Robinson, was an inmate at the Joliet Correctional Center on January 10, 1983. He and another inmate were assigned to clean a garage on the institution premises. Claimant had pulled away from the wall a six-foot-tall metal storage cabinet so that he could clean behind it. When he pushed the cabinet back towards the wall an automotive bead breaker fell off the cabinet and hit him on the head. As a result of the blow

on the head, Claimant suffered a painful injury but with no permanent ill effects.

A bead breaker is a heavy metal stand (26 pounds or more in weight) on which a tire rests while someone breaks the tire away from the rim. It was approximately two feet long, eight inches wide and two and a half feet tall. It was painted yellow. On January 9, 1983, the day before the accident, Claimant was likewise assigned to clean the garage and had taken the bead breaker from the top of the cabinet and put it on a table. Prior to Claimant's coming to work on January 10, 1983, someone had put the bead breaker back on top of the cabinet. A water pipe, suspended by straps fastened to the ceiling, ran the length of the room above the cabinet. At some unspecified time someone had hung a vehicle exhaust pipe from the water pipe. When Claimant pushed the cabinet back up against the wall the bead breaker came in contact with the exhaust pipe hanging from the water pipe, and this caused the bead breaker to tip over and fall off the cabinet.

Claimant was thoroughly familiar with the garage, having been cleaning it on an average of once a week for some time.

The record clearly indicates that the Claimant, in failing to verify the location of the bead breaker before pulling the cabinet away from the wall and pushing it back up against the wall, was not acting with due care for his own safety, and that his lack of care was the proximate cause of the accident.

It is the opinion of this Court that the Claimant has failed to prove the State was negligent and an award is hereby denied.