(No. 84-CC-1928-■■■■■■■■

KEITH GAVIN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 4, 1986.*

KEITH GAVIN, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (MICHAEL TAYLOR, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This claim arises from personal injuries suffered by Claimant while he was an inmate at Menard Correctional Center.

The Claimant, Keith Gavin, was an inmate at the Menard Correctional Center on August 15, 1983. He was assigned to the M & M Shop at the facility. He was working as a porter, cleaning up, mopping and sweeping. As he was sweeping up around a stack of 2 x 4's, there was some water on the floor and the Claimant slipped and fell and cut his left arm midway between the left elbow and the left wrist. Claimant had seen the water on the floor but thought he could sweep around it and apparently stepped in the water and slipped. He was aware of the presence of the water on the floor.

Claimant did not testify that he was unfamiliar with the area where he was working.

The record clearly indicates that Claimant, in failing to take care in his movements around water that he knew was on the floor, was not acting with due care for his own safety, and his lack of care was the proximate cause of accident.

The Court has held that, where an inmate's lack of care appears to be the proximate cause of the accident, there can be no recovery. In *Robinson v. State* (1984), 36 Ill. Ct. Cl. 298, Claimant was injured while cleaning a garage on institutional premises at Joliet Correctional Center. In moving a cabinet, a piece of equipment fell off the cabinet and hit Claimant on the head thereby causing a painful injury. In that case, the Court observed that the Claimant was familiar with the area and failed to verify the location of the equipment before moving the cabinet and in so doing was not acting with due care for his own safety. The claim was denied.

Similarly, in the case at bar, Claimant acknowledged his being aware of the water on the floor in the area where he was cleaning up but failed to take any

precautions to avoid standing or walking in the water so that he was caused to slip and fall.

It is therefore ordered that this claim is dismissed with prejudice.